**B104 (FORM 104) (08/07)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>William E. Welker | **DEFENDANTS**<br>U.S. Department of Housing and Urban Development aka, Secretary of Housing and Urban Development |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Robert M. Matson<br>Akin, Webster & Matson, P.C.<br>P.O. Box 1773<br>Macon, GA 31202<br>(478) 742-1889 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine extent of lien and secured status pursuant to 11 U.S.C. § 506(a).

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☑ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

determination of extent and status of lien

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>William E. Welker | BANKRUPTCY CASE NO.<br>16-50742 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Middle | DIVISION OFFICE<br>Macon | NAME OF JUDGE<br>Austin E. Carter | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Robert M. Matson | | | |
| DATE<br>7/14/16 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robert M. Matson | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 16-50742 AEC |
| | ) | |
| WILLIAM E. WELKER | ) | |
| | ) | |
|     DEBTOR | ) | CHAPTER 13 |
| | ) | |
| WILLIAM E. WELKER | ) | |
| | ) | ADVERSARY PROCEEDING |
|     PLAINTIFF | ) | NO. |
| | ) | |
| V. | ) | |
| | ) | |
| U.S. DEPARTMENT OF HOUSING AND | ) | |
| URBAN DEVELOPMENT | ) | |
| AKA, SECRETARY OF HOUSING AND | ) | |
| URBAN DEVELOPMENT | ) | |
| | ) | |
|     DEFENDANT | ) | |

**COMPLAINT TO DETERMINE EXTENT OF LIEN AND SECURED STATUS**

William E. Welker, Debtor in the above-referenced case, files this Complaint against U.S. Department of Housing and Urban Development ("HUD") pursuant to 11 U.S.C. § 506(a) seeking a determination of the extent of its lien and secured status in this case. In support of his Complaint, the Debtor shows the Court the following:

1.

The Court has jurisdiction over this case and adversary proceeding pursuant to 28 U.S.C. § 1334.

2.

The Court has personal jurisdiction over HUD via consent, for it filed a proof of claim in this case. HUD can be served pursuant to Fed.R.Bankr.P. 7004(b)(5) by delivering a copy of the complaint and summons via first class mail to G.F. "Pete"

Peterman, Acting United States Attorney, P.O. Box 1702, Macon, GA 31202 and to Loretta E. Lynch, Attorney General, United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530.

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

4.

This adversary proceeding arises out of and relates to the Debtor's Chapter 13 case and constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(K).

5.

The Debtor filed his petition seeking relief under Chapter 13 of the Bankruptcy Code in this Court on April 12, 2016.

6.

The Debtors listed real property consisting of his principal residence at 179 Griswoldville Short Cut, Macon, GA 31217 ("Property") in Schedule A/B. The value of the Property is $50,000.00.

7.

JP Morgan Chase Bank, N.A. ("Chase") has a claim secured by a first priority security deed on the Property evidenced by the security deed filed at Book 654, Page 550 in the deed records of the Superior Court of Jones County, Georgia and the modified security deed filed at Book 879, Page 627. The value of Chase's claim secured by the first priority security deed is $93,842.00.

8.

HUD filed proof of claim no. 2 in this case in the amount of $3,318.05.  The claim is allegedly secured by the Property evidenced by a subordinate mortgage recorded at Book 879, Pages 637-641 on April 22, 2014 in the deed records of the Superior Court of Jones County, Georgia.  A copy of HUD's subordinate mortgage is attached as Exhibit "A".

9.

HUD's claim secured by the subordinate mortgage on the Property is a wholly unsecured claim, for there is no equity in the Property that attaches to the claim.

WHEREFORE, the Plaintiff prays for the following relief:

(1) The Court examine HUD's subordinate mortgage on the Property and determine that HUD's lien does not attach to any equity in the Property.
(2) The Court enter a judgment declaring that upon discharge, the subordinate mortgage in favor of HUD recorded at Book 879, Pages 637-641 in the deed records of the Superior Court of Jones County, Georgia is void and cancelled of record.
(3) The Court enter a judgment that proof of claim no. 2 filed by HUD should be considered and treated as a non-priority unsecured claim.
(4) Other relief that is equitable and just.

This **14th** day of **July, 2016.**

|  |  |
|---|---|
| Akin, Webster & Matson, P.C. | /s/ Robert M. Matson |
| P.O. Box 1773 | Robert M. Matson |
| Macon, GA 31202 | Attorney for Plaintiff |
| (478) 742-1889 | State Bar No. 477102 |
| rmatson@akin-webster.com |  |

```
DOC# 001174
FILED IN OFFICE
04/22/2014  03:19 PM
BK:879  PG:637-641
BART W. JACKSON
CLERK OF COURT
COURT
JONES COUNTY
```

# Exhibit "A"

Recording Requested By/Return To:

Lydia Fiorino
Vice President

JPMORGAN CHASE BANK, N.A.
MHA DEPARTMENT
780 KANSAS LANE
2ND FLOOR, LA4-3125
MONROE, LA 71203

This Instrument Prepared By:
JPMORGAN CHASE BANK, N.A.
3415 VISION DRIVE
COLUMBUS, OHIO 43219-6009

———————————— [Space Above This Line For Recording Data] ————————————

## SUBORDINATE MORTGAGE

| | |
|---|---|
| FHA Case Number | 1479 |
| Loan Number | 2300 |

This SUBORDINATE MORTGAGE ("Security Instrument") is given on MARCH 26, 2014.

The Mortgagor(s) are WILLIAM WELKER whose address is 179 GRISWOLDVILLE SHORTC, MACON, GEORGIA 31217 (Borrower).

This Security Instrument is given to the Secretary of Housing and Urban Development, whose address is Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street Southwest, Washington, DC 10410 (Lender/Mortgagee). The Borrower owes the Lender/Mortgagee the principal sum of THREE THOUSAND THREE HUNDRED EIGHTEEN AND 5.00/100THS (U.S. $3,318.05).

This debt is evidenced by the Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier due and payable on JANUARY 01, 2044.

This Security Instrument secures to the Lender/Mortgagee: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under Paragraph 7 to protect the security of this Security

FHA Subordinate Mortgage (page 1 of 5 pages)



BK:879    PG:638

Loan Number    2300

Instrument; and (c) the performance of the Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, the Borrower does hereby mortgage, warrant, grant and convey to the Lender/Mortgagee, with power of sale the following described property located in JONES County, GEORGIA:

LEGAL DESCRIPTION:
THE LAND IS SITUATED IN THE STATE OF GEORGIA, COUNTY OF JONES, CITY OF MACON, AND DESCRIBED AS FOLLOWS: THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 112, 6TH LAND DISTRICT OF JONES COUNTY, GEORGIA, BEING DESCRIBED AS LOT 4 OF OAK VIEW ACRES SUBDIVISION, CONTAINING 2.00 ACRES, MORE OR LESS. AS SHOWN ON A PLAT OF SURVEY FOR SAID SUBDIVISION DATED OCTOBER 20, 1998 AND RECORDED IN PLAT BOOK 15, PAGE 118, JONES COUNTY RECORDS; SAID PLAT BEING INCORPORATED HEREIN BY REFERENCE FOR A MORE COMPLETE DESCRIPTION OF THE PROPERTY. APN: J61-00-171L

REFERENCE NUMBERS OF DOCUMENTS MODIFIED:
RECORDED AUGUST 23, 2006 BOOK 654 PAGE 550

Tax Parcel No: J61-00-171L

which has the address of 179 GRISWOLDVILLE SHORTC, MACON, GEORGIA 31217, ("Property Address");

TOGETHER WITH all the improvement now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the forgoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that the Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that Property is unencumbered, except for encumbrances of record. The Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

The Borrower and the Lender/Mortgagee covenant agree as follows:

**UNIFORM COVENANTS.**

1. **Payment of Principal.** The Borrower shall pay when due the principal of the debt evidenced by the Note.

2. **Borrower Not Released; Forbearance by Lender/Mortgagee Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by the Lender/Mortgagee

FHA Subordinate Mortgage    (page 2 of 5 pages)



BK:879   PG:639

Loan Number                2300

to any Successor in interest of the Borrower shall not operate to release the liability of the original Borrower or the Borrower's successor in interest. The Lender/Mortgagee shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or the Borrower's successors in interest. Any forbearance by the Lender/Mortgagee in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of the Lender/Mortgagee and the Borrower. The Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that the Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that the Lender/Mortgagee and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4. **Notices.** Any notice to the Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address the Borrower designates by notice to the Lender/Mortgagee. Any notice to the Lender/Mortgagee shall be given by first class mail to: **Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street Southwest, Washington, DC 10410** or any address the Lender/Mortgagee designates by notice to the Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to the Borrower or the Lender/Mortgagee when given as provided in this paragraph.

5. **Governing Law; Severability.** This Security Instrument shall be governed by Federal Law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6. **Borrower's Copy.** The Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**NON-UNIFORM COVENANTS.** The Borrower and the Lender/Mortgagee further covenant and agree as follows;

7. **Acceleration Remedies.** If the Lender/Mortgagee requires immediate payment in full under the paragraph 7 of the Subordinate Note, the Lender/Mortgagee may invoke the power of sale and any other remedies permitted by applicable law. The Lender/Mortgagee shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph, including, but not limited to, reasonable attorney's fees and costs of title evidence. If the Lender/Mortgagee invokes the power of sale, Lender/Mortgagee shall give notice of sale to the Borrower in the manner provided in Paragraph

FHA Subordinate Mortgage                                                              (page 3 of 5 pages)



BK:879   PG:640

Loan Number          2300

4. The Lender/Mortgagee shall publish and post the notice of sale, and the Property shall be sold in the manner prescribed by applicable law. The Lender/Mortgagee or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order:

    (a) to all expenses of the sale, including, but not limited to, reasonable attorney's fees;
    (b) to all sums secured by this Security Instrument; and
    (c) any excess to the person or persons legally entitled to it.

If the Lender's/Mortgagee's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under the Paragraph 7 of the Subordinate Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act")(12U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a the Lender/Mortgagee under this paragraph or applicable law.

BY SIGNING BELOW, the Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by the Borrower and recorded with it.

FHA Subordinate Mortgage                                                          (page 4 of 5 pages)



BK:879  PG:641

Loan Number          2300

_____[Space Below This Line For Borrower Acknowledgement]_____

_____(signature)_____   Date: 4/3/14
Borrower - WILLIAM WELKER

__Unsigned__   Valencia Reeves
Witness -
(signature & printed name required)

__Sarah Birmingh__   Sarah Birmingham
Witness -
(signature & printed name required)

State of GEORGIA    )
County of __Bibb__    )

This instrument was acknowledged before me this __3RD__ day of __April__, __2014__ by WILLIAM WELKER.

_____ Personally Known

____X____ Produced Identification

Type and # of ID _____

__Katlyn A Miller__
Signature of Notary

__Katlyn A Miller__
Name of Notary Typed, Stamped, or Printed
Notary Public, State of GEORGIA

(Seal)

My Commission Expires: __9/18/16__


(Notary seal: KATLYN MILLER, NOTARY, EXPIRES Sept. 18, 2016, GEORGIA, PUBLIC, BIBB CO.)

FHA Subordinate Mortgage                                    (page 5 of 5 pages)